Mr. Derryberry please. May it please the court I am Barry Derryberry appearing for appellant Mr. Brown. This is apparently the first first step act that has been presented for me and my argument is about the district court being able to address my client's career offender determination that had been made 12 years previously. So in presenting this issue there is no issue or I will say that it's apparently not contested that my client is eligible so eligibility is not an issue. What I see up is the career offender issue is I would say we would hypothetically hold that as potentially invalid. I made an argument below and in my brief that it is invalid but that's not before this court I don't think. I'm seeking a remand to the district court for the district court to address that issue. So what I'm looking for is the district court having the step act to follow the prevailing sentencing law the the core sentencing law and I refer to Gall v. United States where the Supreme Court in 2007 said that the beginning place for a federal court in sentencing is to correctly determine the sentencing guidelines. Is there anything I understand your position and we decided Titus which would knock out one of the convictions that as a violent crime. Now can you appeal the new sent the imposition of the new sentence and under 2255 or 2254 could you still appeal or raise the calculation as a result of Titus? So this new sentence which is 240, 210 months it's reduced that one. I don't see how that would be that issue could be raised in a 2255. Well every case that I've been able to see says the judge can't do that can't re-examine the background he can do the the reduction as a result of the first step act period and I'm trying to figure out a way that you could access that some and get some relief under the as a result of our Titus decision. I take the point well your honor and I have not fought that through I'm reacting extemporaneously now in giving you an answer so I don't want to give a glib answer perhaps but you know I'm concerned about the I don't I don't I don't actually want to stand here and describe any reason why I would not be able to prevail on a 2255 were I to file one I wouldn't want it to be used against me later. Okay so I think that this the only to refer to what your honor has said about the court the courts that have addressed this issue that you have seen have said that that door is not open into looking at this sort of issue you know what we really care about is what the circuits are gonna say versus the the cats need to be herded in the district courts that have been all over the place and I think that you know Hegwood is is the one that we have which certainly I'm sure we'll talk about that a bit but I just want to point out we just have one circuit that has sounded on that issue so far there's various other circuit rulings that have issued but the vast majority of them deal with qualification for a sentence modification so my brief just proceeds through an analysis of statutory construction we're looking at the plain language of the statute but one of the prime roles of statutory construction that I think we should heed while we're looking at the language of the statute is the rule we have from Merck and company from the Supreme Court that says that courts normally assume that when Congress enacts a statute it is aware of that is not recognized in Hegwood which is you know first of several deficiencies I submit that are in Hegwood and so when the first step act is passed Congress is mindful of what doll says and 3533 a says and they are essentially writing a new power of the court the district court to modify a sentence and it's like a piece in the jigsaw puzzle that fits in and Congress is aware of what the rest of the puzzle looks like so that is that is where we begin and that's why Congress I say intended for this to be applied in the another thing that I think is interesting to point out for the plain text analysis is use of the word imposed in section 404 be of the first step act and it says that a court that imposed a sentence can impose a reduced sentence if there is a qualification that is that is satisfied and so using the word imposed two times I think is significant because the court that originally imposed the sentence well we know what that course is as if also as I'm sorry the first sentence the first step act also says as if and as opposed to focusing on impose so that if you go back and say as if the only thing that's open is a reduction in the in the amount of time for the particular drug in question isn't that what Hedgewood for instance it is it is not allowing so it's yeah yeah there there are many limitations in 404 be right so we we have a limitation that says that the court may impose a reduced sentence that says in implication it cannot increase the sentence and 404 C is entitled limitations and so there are several limitations in there so and also by saying that it may impose the fair sentencing after of 2010 I think it's second and third section and that implies the first one does not apply so so I think the point from what you see in this statute is that Congress knows how to write these limitations and we having them more credit than they do they you know while they're at it why wouldn't they also say that it's it's limited at you know maybe something like calling the sentencing Commission to to what are some good limitations we should have and then we could have something like we've had with the retroactive sentence guideline changes but they didn't do something like that so I mean that gets into another rule of construction which is you know if Congress is using this terminology this limiting terminology which we also see another sentence modification like the compassionate release can only be granted if it's consisted with policy consistent with policy statements of the sentencing Commission 3582 c2 is the sentence modifications based on retroactive sentencing guidelines and so our our statutes are rife with limitations and we don't have any sort of limitation here that we would expect Congress to do what it ordinarily does if it means there to be a limitation then it's going to express it so I think another consideration is just the fact with our hypothetically or assuming for the sake of argument that the career offender designation is valid you know what that signifies when you have a sense that is reimposed if you will and let me know to head what at the very end says the court that is doing this business is imposing a sentence it goes with that word and so when you have this reimposition of a sentence that is not a legal career sentence anymore so it's trickled down from the guideline that corresponds to the career offender findings and when a sentence reimposed under those circumstances then it violates everything that's in the factor sentencing factors in 3553 especially including the requirement to avoid unwarranted sentencing disparities because down the hall some other fellow with the same amount of crack cocaine my client had 20 grams of crack cocaine who's not a career offender by virtue of the the 10th Circuit case on flown easily pointing a firearm in Oklahoma that person is not going to be sentenced as a career offender did Congress intend that what Congress have intended that and we should expect to see some sign that they would have intended something like that well if we if we bought into that argument then with the fact that he's been a good guy for the last 11 years while he's been in prison give the court the right to reduce the sentence a downward departure because of his stellar conduct well what I am addressing is just the the meat and potatoes so what happens once you open up the sentence because of the word impose you're into a plenary resentencing hearing are you yeah that's what I'm not here to address where that line may be drawn if there is a line drawn how should we do that how should we draw that line the issue presented in this case is may the court correct a a very serious sentencing error that's in the sentence and guidelines I should say so it has to be serious so if the fact that the guy has been just he's gotten his GD he's gotten a college degree he's got a master's all while he's been in prison the court could not take that into account but could take into account this this other situation I'm not purporting to draw a line so for in my reply brief gets into this a bit there's a Washington a district court case that's called u.s. versus Washington that's cited in the government's response brief and so the first part of my reply addresses this plenary concept and I'm saying I don't need to argue plenary I'm not arguing plenary in Washington there were issues raised such as eighth amendment and equal protection and the district court is saying and I'm not getting into all that reopening factual disputes was also enumerated by that district judge in Washington and though that's not related to my issue my issue springs from the fount of the Supreme Court case that tells us in Gaul to begin all sentencings with a correct determination of the sentencing guidelines and where the reserve rebuttal time okay well no I'm not forcing I just because people say they want it and then they oh yeah I usually don't say it until I'm ready to sit down but I think I will because there's something I anticipate I'll be wanting to reply to thank you you may it please the court my name is Linda Epperle I'm an assistant United States attorney from Muskogee here to argue for the government your honors we believe that the Hedgewood case from the Fifth Circuit is the only published Tenth addressing this issue the issue being whether or not under the first step back you can go back and look at career offender designations that may or may not be accurate co-counsel I'm sorry you say may or may not we know that it's not accurate given our tighties case I would agree okay and so the disparity is or imposing a sentence how do we handle that I mean to me it bothers me is this justice or is it is it what is it when you say well even though you didn't really we said that's not a crime of violence we're gonna pretend it was and we're just gonna give you a 20 month reduction under the first step back actually it is it is not pretending that it is all right now it's recognizing that at the time this man was sentenced 12 or 13 years ago at that time it was correct well it was not because it was deemed to be unconstitutionally vague forever and the fact that a lot of people have made errors and and nobody raised it until until the individual in this particular case doesn't really recognize what the what the judge is saying they're competing considerations for fairness in this case one of which is is what the court mentions and against that you're also weighing what the Supreme Court has told us in Dillon and in other cases that we start these analyses from a understanding that when a sentence is entered it is supposed to be finally right and so you have finality concerns that that I know this court grapples with just based on the type docket I handle these days well typically the the court speaks to that in terms of reciprocity but whether Supreme Court decisions can be applied reciprocally and the court will tell us when it can and when it can't but I think judge Kelly raises the fundamental question about jurisprudence our role is as judges what in what this case does is it presents squarely the question of these intervening facts and intervening developments that now make the sentence wrong now if it hadn't come before us under the first step act we'd have these kind of questions that the court make these issues reciprocal can we go back and take a look at them again those kind of cases if they arose in that context we'd say no we can't reconsider it mm-hmm life is tough Jimmy Carter quote Jimmy Carter life is not fair well the first act step back now forces the court to go back and take a look at something that wasn't fair either and that is the disparity and sentencing between crack and cocaine yes and says you should resentence taking into consideration as if the sentence had been pronounced earlier but in the context of doing so should we also sentence as if and now consider these other equitable factors you're telling us pretty clearly don't do that I'm urging this court not to do that for a couple of reasons one and let me I guess refer return to this quickly before I forget the other thing that the court has to consider in this fundamental fairness and what is just judge Lucero just mentioned that we have another process for raising these questions whether they're going to be successful or not may depend on whether they're under the armed criminal act versus career offender but we have a 22 55 habeas procedure that defendants used to raise these kind of questions and they may be attempting to get a second subsequent etc what is would also be unfair for all of those defendants who for whatever reason are not able to successfully challenge a career offender designation to go back now and grant only those defendants who were caught with crack cocaine a second bite at that apple would be fundamentally unfair it's unfair to other drug defendants and it's unfair to those people who were sentenced for non-drug cases while the Congress and the Sentencing Commission I think have gone a long way in trying to correct that disparity between crack and powder cocaine I do not believe that there is any sense in the law that the court meant to grant them a special gift and say you crack defendants and you alone can come back now and challenge your career offender guideline I believe that that is why every district court save one that I'll speak about in just a minute every district court that I can find that has considered this question has followed Hedgewood now a lot of those may not be published they don't engage in a long analysis they simply cite the analysis of that Fifth Circuit case which goes through looking at the text looking at the as if language we have an unpublished Eleventh Circuit case considering not this but whether or not you can go back and correct for a but for death from the drug sort of enhancement and in that case United there could Mr. Derryberry have filed these ancillary proceedings and then consolidated them and in this case before the district court how how could he have his issue addressed well he's attempted a variety of ways to get this issue addressed and we didn't include this is an hypothetical judge this isn't hypothetical we have not included for out of sympathy for the court all of the record for all of these prior 2255s etc but if the court considers our brief below at pages 52 to 58 of the record there is a listing of all of those procedural things we've been through at the district court and at this court with certificates of appeal ability that have been denied applications for a denied after Beckles came down he's filed a couple of things under the all Ritz Act he's he's tried a number anything subsequent to the tightest case that came out in 2017 2017 March 24th yes he in 2018 had an all Ritz Act challenge that was dismissed as an unauthorized 2255 so he's had a chance and and he should not get an extra chance that other defendants will not get if they were not crack cocaine dealers well is justice measured by the justice to others or just the justice to the particular defendant in front of the court that's a question that could send me thinking for about a month and I think that we can best be guided by what Congress and the courts have told us and that is that we look at the text which here is plain we look at the other element of statutory construction that is that the expression of one thing excludes another here the court said you are to apply as if section two and three had been in effect at the time Congress did not intend that other changes would be made as if they too were in effect at the time of the offense the only case I found and I promised to get back to this I want to do it before I forget the only case that I found where under the crack cocaine the career offender designation was allowed to be challenged found erroneous and relief was granted was a case named black and I apologize that I do not have this site in front of me right now where does it arise it arises I think from one of the district courts but I'm not even certain of that can you send a 28g letter yes I would and that was the final thing I want in that case though where it was allowed it was allowed not because of changes since that time it was allowed because at the time the sentence was imposed there was an error in the career offender guideline so back in whenever it was erroneously imposed at that time under the law at that time and that's not what we have here I will be happy to submit a 28 J letter with that citation and with the court's permission I'd also like to list district of court opinions that have not been included in the briefs and maybe update the corner what the appellate status is on these other cases I've discussed that with co-counsel we're hoping that might be helpful to court if they're not further questions I'll ask the court to a fire going to ask you to consider the various under Christian theology the various Gospels on that might have some relevance should I find anything always here under other religious precepts have similar yes concept well so thank you okay it's a very interesting question I agree thank you for seating the rest of your time so you have a minute a half left somebody's ready for lunch okay this notion of the expression of one thing implies that there is not another thing that's intended is very very broad and doesn't give us much Congress surely it was this issue it presented during the legislative history of the first step somebody say hey what if there are other intervening changes can they be considered I have not dealt in that when all this was new I read all the press releases and the sponsoring congressman and their statements about what we intend and I've seen all of that and have not seen any inkling of that but it's an apples and oranges thing though where you have Congress expressing we can retroactively apply these new sentencing ranges in the statute and somehow that implies that following the standard sentencing apparatus in federal court is is negated because it's not mentioned it's there apples and oranges there's no reason that Congress should have naturally thought well we need to address what Gaul says about the law there's no reason that it should have occurred to Congress to to say anything one way or the other about that so silence speaks to us thank you thank you counsel the case is submitted counselor excuse thank you very much court is in recess until our next term clerk will announce the recess